## BEARDSLEY v ERNST et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13527.  Decided April 30, 1934

H. E. King, Cleveland, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, for defendant in error.

## OPINION

By McGILL, J.

On behalf of the plaintiff, proof was introduced that the International Match Corporation was adjudicated bankrupt by the United States District Court of the Southern District of New York on April 9, 1932. There was introduced by stipulation copies of an audit made by Price, Waterhouse & Company, who were employed to audit the affairs of the International Match Corporation, and these audits had been filed with the Referee in Bankruptcy.

The audit made by Price, Waterhouse & Company revealed annual net earnings of the International Match Corporation for the years involved to be approximately $8,000,000.00, whereas the defendants had certified the net income for 1929 and 1930 respectively to be in excess of $20,000,000.00.

The plaintiff relies largely upon the case of Ultramares Corporation v Touche et; 174 NE 441. In that case a certificate was made by Touche, Niven & Company who were public accountants, to the effect that they had examined the accounts of Fred Stern & Company, Incorporated, and the certificate stated "that the annexed balance sheet is in accordance therewith * * * and the said statement, in our opinion, presents a true and correct view of the financial condition of said Fred Stern & Company, Inc., as at December 31, 1923."

The lower court, in the Touche case, held the accountants liable for negligence and not liable for fraud. Both sides appealed and Judge Cardozo reversed both holdings and found that the accountants were not liable for negligence but were liable for fraud. In that case, syllabus 8 reads as follows:

"8. In action for damages for fraudulent misrepresentations of accountants, brought by person making advances relying on certified balance sheet, dismissal without submission to jury held error.

The evidence indicated that, in certifying to the correspondence between balance sheet and accounts, the defendant accountants made a statement as true to their own knowledge when they had no knowledge on the subject."

If certified public accountants examine the books and records of a corporation and certify that the balance sheet reflects the true condition of the books and records examined and there is a substantial variation between the balance sheet and such books and records, an action would no doubt lie against the accountants where the certification was made knowingly or where there was a pretense of knowledge when in fact they had no knowledge.

In the instant case, however, the certificate made by Ernst & Ernst clearly states that it is based both upon an examination of records and upon statements received from abroad with respect to the foreign constituent companies. The language used in these certificates gives rise to the indisputable inference that the accountants had not examined the books and records of the foreign constituent companies.

The record does not establish fraud or any false or fraudulent statements in relation to the examination actually made of the books and records in this country. We do not think that the defendants can be charged with fraud under these certificates by the very language used therein, when they in fact disclose that some of the information and statements came from abroad. It is obvious that the accountants in this case could not know whether or not the information from abroad was accurate or inaccurate and inasmuch as they disclose that these certificates were based partly upon information so received, there was no pretense of knowledge as to the information received which would make defendants liable.

Accordingly, the judgment of the Common Pleas Court is affirmed.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.